UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:14-cv-00187-TWP-MJD |
| ) | |
| WILLIAM RAMSEY, ) | |
| ) | |
| Defendant. ) | |

**ORDER OVERRULING DEFENDANT'S OBJECTION AND
ADOPTING THE REPORT AND RECOMMENDATION**

This matter is before the Court on Defendant William Ramsey's ("Mr. Ramsey") Objection to the Recommendation of the Magistrate Judge (Filing No. 87), pursuant to Federal Rule of Civil Procedure 59; and to determine whether the Court will adopt the Magistrate Judge's Report and Recommendation (Filing No. 86). For the reasons explained below, the Court **OVERRULES** Ramsey's objection and **ADOPTS** the Magistrate Judge's Report and Recommendation.

## I. BACKGROUND

On October 1, 2015, following a plea of guilty to Count Seven: Possession of Child Pornography, Mr. Ramsey was sentenced to 120-month imprisonment, followed by supervised release for life. (Filing No. 41 at 2, 3). He was released from the Bureau of Prisons on February 24, 2023, and his supervision began on that date.

In October 2023, the Court was notified that Mr. Ramsey tested positive for methamphetamine and cannabinoids. (Filing No. 73). He was verbally reprimanded by his supervising officer, referred for outpatient substance abuse counseling, and no action was taken by the Court. (Filing No. 74). On July 3, 2024, a Petition for Warrant or Summons for Offender Under Supervision ("the Petition"), was filed with this Court based on the probation officer's report

that Mr. Ramsey had violated conditions of his supervision. (Filing No. 75). Pursuant to 18 U.S.C. § 3401(i), the Court designated the criminal duty magistrate judge to appoint counsel for Mr. Ramsey as necessary, to conduct the hearing on the Petition filed on July 3, 2024, and to submit to the undersigned judge proposed findings of fact and recommendations for disposition under 18 U.S.C. § 3583(e). (Filing No. 77).

On July 25, 2024, the Magistrate Judge held a hearing on alleged violations. Mr. Ramsey appeared in person with his appointed counsel, Sam Ansell. The Government appeared by Kelsey Massa, Assistant United States Attorney, and the United States Probation Office appeared by Officer Brent Witter. (Filing No. 85). The Magistrate Judge conducted a hearing in accordance with Fed. R. Crim. P. 32.1(a)(1) and 18 U.S.C. § 3583.

After being placed under oath, Mr. Ramsey admitted violation number 1 and the Government orally moved to withdraw the remaining alleged violations 2, 3, and 4, which motion was granted by the Magistrate Judge and those violations were dismissed. *Id*. at 1. Mr. Ramsey admitted to the following allegations concerning violation number 1, as set forth in the Petition:

| Violation Number | Nature of Noncompliance |
|---|---|
| **1** | **"The defendant shall participate in a program of treatment for sexual disorders, including periodic polygraph examinations, as directed by the probation department. The Court authorizes the release of the presentence report and available psychological evaluations to the mental health provider, as approved by the probation officer. The parties agree that such treatment would be beneficial to the defendant and help him avoid committing child pornography crimes in the future."** |
| | Mr. Ramsey was unsuccessfully discharged from sex offender treatment on June 18, 2024, as a result of excessive unexcused absences. Furthermore, he failed to report for scheduled polygraph examinations on February 8, 2024, and April 30, 2024. |

2

(Filing No. 75) (emphasis added).

At the hearing, the parties stipulated that the highest grade of violation is a Grade C violation, that Mr. Ramsey's criminal history category is III, and the range of imprisonment applicable upon revocation of supervised release, therefore is 5 to 11 months imprisonment. (*See* Filing No. 86). The Government argued for a sentence of 11 months imprisonment followed by lifetime supervision. Mr. Ramsey's counsel argued for no executed time, and re-enrollment into Sex Offender Registration and Notification Act ("SORNA") program with continued lifetime supervision. Counsel also requested placement at Federal Medical Center, Lexington ("FMC Lexington"), if supervised release was revoked. *Id*.

At the July 25, 2024 violation hearing, the Probation officer expressed concerns that Mr. Ramsey has grown resistant towards sex offender counseling. His participation was minimal and then it escalated to him missing group sessions, and Mr. Ramsey failed to appear for back-to-back polygraph examinations. Mr. Ramsey was terminated unsuccessfully from sex offender treatment while on state parole in 2009, which is particularly concerning considering Mr. Ramsey is a hands-on sex offender with a previous Child Molesting and Incest conviction, followed by the possession of child pornography possessed in the instant offense.

In addition, the Government submitted evidence to support its recommendation of a high-end guidelines sentence. The Government submitted a Discharge Report from CNM Therapy Services, the organization providing group therapy to Mr. Ramsey, which indicated that he had five unexcused absences between November 30, 2023 and June 13, 2024, which resulted in his unsuccessful discharge from sex offender treatment on June 18, 2024. (Filing No. 85-1 at 2). The Government also submitted a "Cease and Desist" letter that Mr. Ramsey sent to his probation

officer, wherein Mr. Ramsey accused his probation officer of harassing him. (Filing No. 85-2).

The Magistrate Judge considered the factors in 18 U.S.C. § 3553(a) and determined that Mr. Ramsey violated the conditions in the Petition, that his supervised release should be revoked, and that he should be sentenced to the custody of the Attorney General or his designee for a period of nine months' imprisonment followed by all terms of lifetime supervision to follow. The Magistrate Judge recommended enrollment in a SORNA program and placement at FMC Lexington. (Filing No. 86 at 2).

On August 8, 2024, Mr. Ramsey timely filed his Objection to the Recommendation of the Magistrate Judge (Filing No. 87), and on August 19, 2024, the Government filed its Response to Defendant's Objection to the Recommendation of the Magistrate Judge (Filing No. 89). A hearing was held on August 22, 2024. Prior to the hearing, the Court listened to the recording of the July 25, 2024 hearing and reviewed the relevant pleadings on the docket.

## II.  LEGAL STANDARD

A district court may assign dispositive matters to a magistrate judge, in which case the magistrate judge may submit to the district judge only a report and recommended disposition, including any findings of fact. Fed. R. Civ. P. 59(b). The magistrate judge's recommendation on a dispositive matter is not a final order and either party may object within fourteen days of being served with a copy of the same. Fed. R. Crim. P. 59 (b)(2). The Court will review *de novo* recommendations by a magistrate judge on dispositive motions. Under *de novo* review, the court is free to accept, reject or modify the recommended disposition. Fed. R. Crim. P. 59(b)(3). "*De novo* review requires the district judge to decide the case based on an independent review of the evidence and arguments without giving any presumptive weight to the magistrate judge's

conclusion." *Mendez v. Republic Bank*, 725 F.3d 651, 661 (7th Cir. 2013). Although no deference is owed to a magistrate judge's recommendations under the *de novo* standard, *Blake v Peak Prof. Health Servs. Inc.,* 1999 WL 527927, at *2 (7th Cir. 1999), this Court is essentially functioning as an appellate court in this context. Thus, even under *de novo* review, "arguments not made before a magistrate judge are normally waived." *United States v. Melgar*, 227 F.3d 1038, 1040 (7th Cir. 2000). As the Seventh Circuit has observed, "there are good reasons for the rule," even in the context of *de novo* review. *Id*. Failure to fully develop arguments before the magistrate judge also may prejudice a party, and "a willingness to consider new arguments at the district court level would undercut the rule that the findings in a magistrate judge's report and recommendation are taken as established unless the party files objections to them." *Id*.

### III. DISCUSSION

Mr. Ramsey does not challenge the Magistrate Judge's recommended finding of facts nor the applicable Sentencing Guidelines range, and objects only to the Magistrate Judge's recommended sentence of nine months' imprisonment. In his Objection, he explains that "his unsatisfactory attendance and corresponding expulsion from his treatment program was caused in large part by the commute from Anderson, Indiana to Indianapolis, Indiana, and would be adequately addressed by enrollment in a program available in Muncie, Indiana." (Filing No. 87). Mr. Ramsey explains that his transportation issues contributed to his failure to attend two scheduled polygraph examinations, and he rescheduled and participated in a polygraph examination the following month. Mr. Ramsey seeks a time served punishment for his violations and argues that he has employment, a vehicle, and an apartment that will all be lost as collateral consequences to his incarceration.

The probation officer proffered that he believes the nine months sentence is appropriate, in part because in past supervisions, Mr. Ramsey failed to attend sex offender treatment and failed to submit to verification polygraph tests. His state parole was revoked twice for similar conduct.

Mr. Ramsey's admitted conduct is concerning because the polygraph examinations are instrumental in holding sex offenders accountable, and the SORNA treatment prevents recidivism and protects the public. Here, Mr. Ramsey missed three polygraph examinations and was discharged from sex offender treatment because of his failures to attend. His make-up polygraph examination showed a lack of veracity.

After careful *de novo* review of the facts in evidence, including those found in the Magistrate Judge's Report and Recommendation and presented at the July 28, 2024 revocation hearing and the August 22, 2024 hearing, the Court concludes that a nine-month period of incarceration is just punishment and a reasonable sanction for the violations. Upon consideration of the 3553(a) factors, a sentence of nine months is sufficient but not greater than necessary. It adequately addresses the seriousness of the noncompliance and will deter Mr. Ramsey from similar conduct in the future, it will protect the public, and provide Mr. Ramsey the opportunity to benefit from correctional and sex offender treatment while in the Bureau of Prisons. Accordingly, Mr. Ramsey's Objection is **overruled**, and the Court **adopts** the Magistrate Judge's Report and Recommendation.

In addition to the mandatory conditions of supervision and those included in the Magistrate Judge's Report and Recommendation, the additional condition is imposed to provide Mr. Ramsey an opportunity to secure housing and employment following release: You shall reside in a residential reentry center ("RRC") for a period of no longer than 180 days and you shall abide by

all rules and regulations of the RRC.

## IV.   CONCLUSION

For the reasons stated above, Defendant William Lee Ramsey's Objection to the Recommendation of the Magistrate Judge, (Filing No. 87), is **OVERRULED**.  The Court **ADOPTS** the Magistrate Judge's Report and Recommendation, (Filing No. 86), and **GRANTS** revocation of Mr. Ramsey's probation (Filing No. 75).

**SO ORDERED.**

Date:   8/23/2024

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

H. Samuel Ansell
INDIANA FEDERAL COMMUNITY DEFENDERS, INC.
harold_ansell@fd.org

Kelsey Massa
UNITED STATES ATTORNEY'S OFFICE
kelsey.massa@usdoj.gov

United States Probation Officer Brent V. Witter

Electronic notice to USM